IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 CR 843-12 |
| vs. | ) | |
| | ) | Judge Joan H. Lefkow |
| LANCE OLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT OLDEN'S MOTION FOR DISCLOSURE OF EVIDENCE**

NOW COMES the defendant Lance Olden, by his attorney John M. Beal, and, in accordance with Fed. R. Crim. P. 16, requests the disclosure of the following information:

1. Any and all oral, written or recorded statements of the defendant, pursuant to Fed. R. Crim. P. 16(a)(1)(A) and (B).

2. Any prior criminal record of the defendant, pursuant to Fed. R. Crim. P. 16(a)(1)(D).

3. Any and all documents and tangible objects which are material to the preparation of the defense, or are intended for use by the government as evidence in its case in chief, or were obtained from or belong to the defendant, all pursuant to Fed. R. Crim. P. 16(a)(1)(E).

4. The results and reports of any and all physical or mental examinations and of scientific tests or experiments that are or come to be in the possession of or known to the government, and which are material to defendant Olden's defense

or that are intended for use in the government's case in chief, pursuant to Fed. R. Crim. P. 16(a)(1)(F).

5.  A written summary of any testimony that the government intends to use in its case in chief under Rules 702, 703, or 705 of the Federal Rules of Evidence, pursuant to Fed. R. Crim. P. 16(a)(1)(G).  The defendant Olden asks that the government be required to make a determination to call any experts and make the disclosure required to the defense on or before January 1, 2009, in order that the defense may have sufficient time to determine whether to retain its own expert in response.

6.  Any and all reports or results of any electronic surveillance of the defendant Olden.  The government has provided Title III applications and calls, and some transcripts.

7.  Any and all evidence to be used in the government's case in chief that may be subject to suppression, pursuant to Fed. R. Crim. P. 12(b)(4).

8.  All witness statements that the defense is entitled to receive under Fed.R.Crim.P. 26.2 and the Jencks Act, 18 U.S.C.§3500, at least three weeks in advance of trial, in order to allow pretrial and trial proceedings to progress without undue delay.

9.  The continuing disclosure of any and all evidence favorable to the defendant, pursuant to Brady v. Maryland, 373 U.S. 83 (1983).

10.  The disclosure of any and all evidence that tends to undermine the

credibility of any of the government's witnesses, pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), two months before trial.

WHEREFORE, defendant Lance Olden moves this Court to compel the government to disclose information, or set the timing for the disclosure of information, as set forth above.

                                                Respectfully submitted,

                                                __S/ John M. Beal_____
                                                Attorney for Defendant

JOHN M. BEAL
Attorney at Law
53 W Jackson Blvd., Suite 1108
Chicago, IL 60604
(312) 408-2766

**CERTIFICATE OF SERVICE**

I, John M. Beal, attorney, certify that I caused a copy of the above **DEFENDANT OLDEN'S MOTION FOR DISCLOSURE OF EVIDENCE** to be served on August 20, 2008, in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                Executed on August 20, 2008

                                                __S/ John M. Beal_____
                                                   John M. Beal